FAG ITALIA, S.P.A., FAG BEARINGS CORP., SKF USA INC., AND SKF INDUSTRIE S.P.A., PLAINTIFFS AND DEFENDANT-INTERVENORS *v.* UNITED STATES, DEFENDANT, AND TORRINGTON CO., DEFENDANT-INTERVENOR AND PLAINTIFF

Consolidated Court No. 97–11–01984

(Dated August 7, 2002)

## ORDER

TSOUCALAS, *Senior Judge:* This matter comes before the Court pursuant to the decision (May 24, 2002) of the Court of Appeals for the Federal Circuit ("CAFC") in *FAG Italia, S.p.A. v. United States,* 291 F.3d 806 (Fed. Cir. 2002), vacating in part the judgment of this Court in *FAG Italia, S.p.A. v. United States,* Slip Op. 00–82, 2000 Ct. Intl. Trade LEXIS 83 (CIT 1999).

Specifically, in accordance with the precedent set by the CAFC in *SKF USA Inc. v. United States,* 263 F.3d 1369 (Fed. Cir. 2001), the CAFC held that this case shall be remanded to Commerce for explanation "why

---

[5] The statute provides in relevant part as follows:

Any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action, *except that * * ** in a civil action under section 516A of the Tariff Act of 1930 [19 USC § 1516a], only an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and *such person may intervene as a matter of right*;

28 U.S.C. § 2631(j)(1)(B) (emphasis added).

[Commerce] uses a different definition of 'foreign like product' for price-based calculations for normal value than [Commerce] does for calculations of constructed value." *FAG Italia, S.p.A.,* 291 F.3d at 808. Accordingly, it is hereby

ORDERED that this case is remanded to Commerce to provide the necessary explanations; and it is further

ORDERED that the remand results are due within ninety (90) days of the date that this order is entered. Any responses or comments are due within thirty (30) days thereafter. Any rebuttal comments are due within fifteen (15) days after the date the responses or comments are due.